# IN THE UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS
# SPRINGFIELD DIVISION

| | | |
|---|---|---|
| PAUL EDWARD KINCAID, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 10-3010 |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## OPINION

SUE E. MYERSCOUGH, United States District Judge.

In January 2010, Petitioner filed a Motion to Vacate, Set Aside, or Correct Sentence by a person in Federal Custody pursuant to 28 U.S.C. §2255 (Petition) (d/e 1). Petitioner alleges he received ineffective assistance of counsel when his trial counsel failed to preserve for appeal his claim that his crimes bore an insufficient nexus to interstate commerce to support federal jurisdiction under the Commerce Clause. He also alleges ineffective assistance of counsel in that counsel pressured him into signing the Waiver of Jury Trial and Stipulations for Bench Trial (Waiver). Specifically, Petitioner alleges he: (1) was in pain when he was brought into court for the status hearing at which he signed the Waiver; and (2) did not have an opportunity to review the agreement before signing it. For the reasons that follow, the Court finds an evidentiary hearing is not warranted and the Petition

(d/e 1) is DENIED.

I. BACKGROUND

A. The District Court Proceedings

In October 2006, the grand jury charged Petitioner in a two-count indictment with the production of child pornography (Count I) (18 U.S.C. §2251(a)) and possession of child pornography (Count II) (18 U.S.C. §2252A(a)(5)(B)). Count I alleged Petitioner:

> knowingly employed, used, persuaded, induced, enticed and coerced a person under the age of eighteen years, to engage in sexually explicit conduct as defined in Title 18, United States Code, Section 2256(2), for the purpose of producing visual depictions of such conduct, knowing or having reason to know that such visual depictions would be transported in interstate and foreign commerce and mailed, and said visual depictions having been produced using materials that had been mailed, shipped, and transported in interstate and foreign commerce by any means, including by computer, and said visual depictions having actually been transported in interstate and foreign commerce and mailed.

Count II alleged Petitioner:

> knowingly possessed books, magazines, pictures and other materials containing three or more images of child pornography, as that term is defined in 18 United States Code Section 2256(8), which had been mailed and shipped and transported in interstate and foreign commerce, including by computer, and that were produced using materials that had been mailed and

shipped and transported in interstate and foreign
commerce, including by computer.

In June 2007, Petitioner filed a Motion to Dismiss for Failure to Establish the Jurisdictional Element. In that motion, Petitioner essentially challenged whether a sufficient connection to interstate commerce existed to confer federal jurisdiction under the Commerce Clause.

Later in June 2007, Petitioner waived his right to a jury trial, and the parties agreed to a stipulated bench trial. In the Waiver, Petitioner stipulated to numerous facts, including that the camera he used to produce the pictures of Victim 6 was manufactured in a facility in China and the origin of the film used to take pictures of Victim 6 was Enschede, Holland. He further stipulated that the Polaroid company provided information establishing that it has never produced Polaroid film in the United States and has never assembled Polaroid cameras in the United States.

The Waiver also provided that Petitioner desired to waive his right to a trial by jury and proceed to a bench trial on two issues: (1) relevant to Count I, "whether the child pornography produced by the defendant was produced using materials that had been mailed, shipped, or transported in interstate or foreign commerce by any means"; and (2) relevant to Count II, "whether the child

pornography knowingly possessed by the defendant was produced using materials that had been mailed, or shipped or transported in interstate or foreign commerce by any means."

During the hearing, the Court admonished Petitioner of the rights he was waiving, determined Petitioner was competent to understand the proceedings, confirmed that his waiver was voluntary, and confirmed Petitioner's understanding of the two issues he was "keeping the right to contest." In addition, Petitioner admitted he had enough time and opportunity to discuss the case and his options with his attorneys and was satisfied with their representation. Petitioner informed the Court he had a chance to read the Waiver and understood everything in the document, and had a chance to review and discuss the Waiver with his attorneys before signing it. When asked how he felt physically, Petitioner responded, "Now I feel pretty good, Your Honor."

Petitioner's attorneys withdrew all pending pretrial motions, including the Motion to Dismiss for Failure to Establish the Jurisdictional Element. The Court asked Petitioner if he understood that those motions were being withdrawn and would not be ruled upon and whether he agreed with that. Petitioner responded that he did.

The parties thereafter filed trial briefs. In Petitioner's brief, he asserted the

Government failed to prove a requisite element in the indictment. According to Petitioner, Count I alleged: (a) he produced child pornography using material shipped in interstate commerce; (b) he knew that the pictures would be transported in interstate commerce; <u>and</u> (c) the pictures were transported in interstate commerce. Count II alleged: (d) he possessed child pornography produced with material shipped in interstate commerce; <u>and</u> (e) the pictures were transported in interstate commerce. Petitioner argued that because the allegations were charged in the conjunctive, the Government was required to prove all the allegations in each count.

In October 2007, the Court rejected Petitioner's argument, concluding that when an indictment charges several criminal acts in the conjunctive, proof of any one of the acts charged support the conviction. The Court found the Government had proven both Count I and Count II beyond a reasonable doubt.

In April 2008, the Court held a sentencing hearing over two days. Petitioner acknowledged having read the Presentence Investigation Report (PSR) and discussing it with his attorneys. Petitioner was aware of the objections raised by his attorneys on his behalf and stated he had no additional objections he wanted to raise. Petitioner testified on his own behalf to explain each of the objections. The objections included objections regarding the age of some of the individuals

photographed. Petitioner's attorney tendered letters in support of Petitioner and called three mitigation witnesses on Petitioner's behalf. Ultimately, the Court sentenced Petitioner to 360 months' imprisonment on Count I and 120 months' imprisonment on count II–the statutory maximum on both counts–to run concurrently.

B. The Appellate Court Proceedings

Petitioner appealed, arguing (1) his crimes bore an insufficient nexus to interstate commerce to support federal jurisdiction under the Commerce Clause; and (2) the indictment did not apprise him adequately of the allegations against him. United States v. Kincaid, 571 F.3d 648, 652 (2009). The Seventh Circuit affirmed, finding Petitioner specifically waived the first argument and rejecting the second argument on the merits. Kincaid, 571 F.3d 648.

C. The Habeas Petition

In January 2010, Petitioner filed his § 2255 Petition. The Petition alleges ineffective assistance of trial counsel. Specifically, Petitioner alleges that following surgery for removal of a gangrene gallbladder on April 14, 2007, Petitioner was brought into court for a status hearing on his criminal case. (The status hearing was in June 2007.) Petitioner alleged that without prior notice from his trial counsel, he was "confronted with having to sign documents relating to the

charges against him" and was denied the opportunity to talk to his family before signing those documents. Petitioner further alleges his trial counsel told him that he had a strong case for appeal on the "jurisdiction over the camera/film issue, commerce clause [] and on the defective indictment issue." Petitioner asserts he was at no time aware or had knowledge that he was waiving his rights to appeal. Finally, Petitioner alleges he had no representation at his sentencing hearing. However, Petitioner provided no additional factual allegations on this last issue.

The Government has filed a Response, to which Petitioner has replied. In the Reply, Petitioner raises additional issues and provides factual allegations regarding his claim that he had no representation at his sentencing hearing. Regarding sentencing, Petitioner claimed his counsel: (1) did not advocate on his behalf regarding what sentence should be given; (2) required Petitioner to construct his own objections, despite Petitioner being in no condition health-wise to do so; and (3) had no interest in proving there were less than 10 minors or whether some of the individuals were actually over the age of 17 versus age 13.

## II. ANALYSIS

Section 2255 allows a federal prisoner to attack his sentence on the ground that the sentence was imposed in violation of the Constitution or laws of the United States, the court was without jurisdiction to impose such sentence, the sentence

was in excess of the maximum authorized by law, or that the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255(a). Here, Petitioner raises an ineffective assistance of counsel claim, which falls within the boundaries of § 2255. See, e.g., Bellavia v. United States, 1999 WL 446695, *2 (N.D. Ill. 1999).

Petitioner first asserts his trial counsel provided ineffective assistance of counsel for failing to preserve for appeal the claim that his crimes bore an insufficient nexus to interstate commerce to support federal jurisdiction under the Commerce Clause. Petitioner alleges that his trial counsel told him he had a "'strong' case for appeal" on the Commerce Clause issue, but counsel failed to preserve the issue for appeal.

To show ineffective assistance of counsel, a petitioner must demonstrate: (1) his counsel's performance was deficient; and (2) the deficient performance prejudiced the defense and deprived him of a fair trial, a trial with a reliable result. See Strickland v. Washington, 466 U.S. 668, 687 (1984). In determining whether counsel's performance was prejudicial, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. A "reasonable probability is a probability sufficient to undermine the confidence in the outcome." Id. A court need not address the question of counsel's performance if it is easier to dispose of

the claim due to a lack of prejudice. Id. at 697; Taylor v. Bradley, 448 F.3d 942, 949 (7th Cir. 2006).

Here, Petitioner cannot show prejudice because a Commerce Clause challenge would have failed. The argument Petitioner sought to raise on direct appeal, and which the Seventh Circuit found waived, was whether his crime bore a sufficient nexus to interstate commerce to support federal jurisdiction under the Commerce Clause. Kincaid, 571 F.3d at 652. Petitioner's argument would essentially have been that the Commerce Clause limits the federal government's authority to regulate activities that substantially affect interstate and foreign commerce, and that his use of a camera from China and film from Holland were beyond the ambit of the Commerce Clause.

Such claim had no reasonable probability of success. The Seventh Circuit rejected such an argument in United States v. Angle, 234 F.3d 326, 341 (7th Cir. 2000) ("copying images onto the computer diskettes that traveled interstate [] satisfied the jurisdictional element of § 2252(a)(4)(B)") and United States v. Blum, 534 F.3d 608, 610 (7th Cir. 2008) (rejecting Commerce Clause challenge to 18 U.S.C. § 2251 wherein the only movement interstate was that the tapes used to record the pornography were manufactured outside the state), cert. denied 129 S. Ct. 589 (2010). See also Gonzales v. Raich, 545 U.S. 1 (2005) (Congress had the

authority under the Commerce Clause to regulate marijuana grown and consumed intrastate for noncommercial, personal medical reasons); United States v. Bowers, 594 F.3d 522, 524 (6th Cir. 2010) (rejecting the defendant's claim that "wholly intrastate, homemade child pornography falls outside the purview of congressional legislative power"), cert. denied 131 S. Ct. 340 (2010).

Petitioner also alleges in his Petition that his trial counsel was ineffective by pressuring Petitioner into signing the Waiver, allegedly evidenced by the fact that Petitioner: (1) was in pain when he was brought into court for the status hearing at which he signed the Waiver; and (2) did not have an opportunity to review the Waiver before signing it. These claims are refuted by the record. Gallo-Vasquez v. United States, 402 F.3d 793, 799 (7th Cir. 2005) (affirming summary dismissal of claim that counsel was ineffective for failing to bring an interpreter to their meetings; the record refuted the petitioner's claim that a language barrier prevented him from communicating with counsel).

The Court specifically asked Petitioner how he was feeling that day–to which he responded he felt "pretty good." The Court made a specific determination that Petitioner was competent to understand the proceedings. Moreover, Petitioner informed the Court he had had the opportunity to read the Waiver and discuss the Waiver with his attorneys before signing it.

Petitioner further alleged, in his Petition, that he had virtually no representation at his sentencing hearing. He did not support this allegation with any facts until his reply brief. Issues raised for the first time in a reply brief are forfeited. See United States v. Hughes, 970 F.2d 227, 235 n. 6 (7th Cir. 1992) (but noting the court would address issues addressed in the reply brief that were sufficiently raised in the opening brief); Duran-Martinez v. United States, 2007 WL 3342585 (E.D. Wis. 2007).

Moreover, his claims regarding sentencing are refuted by the record. Gallo-Vasquez, 402 F.3d at 799. Petitioner claims counsel did not advocate on Petitioner's behalf as to what sentence Petitioner should be given. However, Petitioner's trial counsel tendered letters in support of Petitioner and called three mitigation witnesses. While counsel did not recommend a specific sentence, counsel asked the Court to sentence Petitioner to a term no greater than necessary to meet the goals of sentencing. The record refutes Petitioner's claim that counsel did not advocate on his behalf. From counsel's comments, it is clear counsel advocated for Petitioner. See, e.g., United States v. Bednarski, 2006 WL 5866673, *1 (W.D. Wis. 2006) (noting that the court had earlier dismissed the defendant's § 2255 claim that trial counsel rendered ineffective assistance of counsel by failing to ask for a "'non-guideline sentence'" because "[c]ounsel's request for probation

made it clear that he was asking for the most lenient punishment possible").

Petitioner claims his counsel required he construct his own set of objections to the PSR but that Petitioner was in no condition health-wise to do so. However, at the sentencing hearing, the Court asked Petitioner whether he had the chance to read and discuss the PSR with his attorneys, Petitioner responded "Yes." The Court asked Petitioner if he was aware of the objections his attorneys filed on his behalf. He said he was. He also said he had no additional objections he wanted to raise. Further, Petitioner testified at the hearing about the objections that were raised.

Petitioner also claims counsel had no interest in proving there were fewer than 10 minors or whether someone was actually over the age of 17 versus age 13. However, the sentencing transcript reflects Petitioner testified at the hearing regarding the objections raised and some of those objections were regarding: (1) the number of minors–Petitioner specifically acknowledged there were 9 or 10, not the 13 alleged by the Government and (2) the age of the individuals photographed.

Finally, Petitioner attempts to raise additional claims in his reply. As stated, issues not raised until the reply brief are forfeited. Hughes, 970 F.2d at 235 n. 6; Thompson v. United States, 2008 WL 2990963, *4 (N.D. Ind. 2008). Therefore, this Court will not address the new claims raised for the first time in the reply brief.

United States ex rel. Lash v. Cooper, 952 F. Supp. 1245, 1253 (N.D. Ill. 1996) (finding the petitioner forfeited issues raised for the first time in the reply brief and not raised in the initial petition).

### III. CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11(a) of the Rules Governing § 2255 Proceedings, this Court declines to issue a Certificate of Appealability. Petitioner has not made a substantial showing of the denial of a constitutional right as he has not shown that jurists of reason would find it debatable whether his petition states a valid claim of the denial of a constitutional right. 28 U.S.C. 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 484 (2000).

### IV. CONCLUSION

For all these reasons, Petitioner's Motion to Vacate, Set Aside, or Correct Sentence by a person in Federal Custody pursuant to 28 U.S.C. §2255 (d/e 1) is DENIED. A Certificate of Appealability is DENIED. CASE CLOSED.

ENTER: May 20, 2011

    FOR THE COURT:

s/Sue E. Myerscough
                                        SUE E. MYERSCOUGH
                                        United States District Judge